Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Phone: (702) 471-0065
Fax: (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>FCT-SM, LLC,<br><br>  Debtor. | Case No.: BK-S-23-12049-MKN<br>Chapter 11<br><br>**DEBTOR'S AMENDED EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES UNDER BANKRUPTCY RULE 1015(b)**<br><br>**(Amended to Correct Caption Only)**<br><br>**Hearing Date: OST Requested**<br>**Hearing Time: OST Requested** |

21st Century Communities, Inc.; FCT-MM, LLC; and FCT-SM, LLC (collectively, the "Debtors"), hereby move this Court for entry of an order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") providing for the joint administration of the Debtors' separate Chapter 11 Cases (defined below) for procedural purposes only (the "Motion"). In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Barry Cohen in Support of the First Day Motions* [Doc 4] (the "First Day Declaration"), filed with the Court concurrently herewith.

-1-

DATED this 24th day of May, 2023.

JOHNSON & GUBLER, P.C.

*/s/ Matthew L. Johnson*
Matthew L. Johnson (6004)
8831 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (702) 471-0065
Fax: (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorney for Debtor*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

#### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

3. Pursuant to Rule 9014.2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

-2-

## II.

### BACKGROUND

4. On May 19, 2023 (the "Petition Date"), Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are requesting that the Chapter 11 Cases be jointly administered.

5. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Nevada (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases. Each of the cases were filed under Subchapter V of the Code, and it is anticipated that a Subchapter V trustee will be appointed in these cases.

7. 21st Century Communities, Inc. owns 100% of the membership interests in FCT-MM, LLC and FCT-SM, LLC. 21st Century Communities, Inc. is also the managing member of both FCT-MM, LLC and FCT-SM, LLC. FCT-MM, LLC and FCT-SM, LLC are each affiliates of 21st Century Communities, Inc. as defined under 11 U.S.C. §101(2)(A). Neither of the affiliate entities have held a bank account pre-petition, and pre-petition, all costs and expenses of both FCT-MM, LLC and FCT-SM, LLC were paid through accounts held by 21st Century Communities, Inc.

8. FCT-MM, LLC owns a .5% interest in Forest Creek Townhomes, LLC.

9. FCT-SM, LLC owns a .5% interest in Forest Creek Townhomes, LLC.

-3-

10. A non-affiliated entity, Idacorp Financial Services, Inc. ("Idacorp"), owns the remaining 99% interest in Forest Creek Townhomes, LLC for tax reporting purposes. Idacorp has no management authority in Forest Creek Townhomes, LLC.

11. Forest Creek Townhomes, LLC owns an apartment complex consisting of 446 units located in Memphis, Tennessee (the "Townhomes").

12. FCT-SM, LLC is a special member of Forest Creek Townhomes, LLC, providing construction services for the Townhomes held by Forest Creek Townhomes, LLC.

13. FCT-MM, LLC is the managing member of Forest Creek Townhomes, LLC. Although it owns only .5% of Forest Creek Townhomes, LLC, it is entitled to receive approximately 90% of the cash flow of Forest Creek Townhomes, LLC, and approximately 90% of any appreciation in the value of Forest Creek Townhomes, LLC by way of the operating agreement entered into by Idacorp.

14. The townhomes owned by Forest Creek Townhomes, LLC have received low income tax credits from the Internal Revenue Service in the approximate amount of $10,500,000.00. Idacorp purchased the tax credits at a discounted rate from Forest Creek Townhomes, LLC. In turn, the funds received from Idacorp's purchase of low income tax credits were used to renovate the townhomes. FCT-SM, LLC advanced approximately $821,144.30 toward the renovation of the townhomes, and is entitled, pursuant to one or more contracts, to reimbursement of those funds from Forest Creek Townhomes, LLC. Fallbrook Capital Securities referred Idacorp Financial Services, Inc., which is owned by Idaho Power, to buy the tax credits.

15. On or about September 7, 2021, Idacorp, in collusion with Fallbrook Capital Securities, wrongfully terminated FCT-MM, LLC's membership interests in Forest Creek Townhomes,

-4-

LLC. As a result, FCT-MM, LLC commenced litigation in State Court in Memphis Tennessee. That litigation was subsequently removed to the United States District Court for the Western District of Tennessee (the "Tennessee litigation"). A true and correct copy of the Complaint on file in that case is attached as Exhibit 1 to the Omnibus Declaration of Barry Cohen.

16. Ultimately the parties in the Tennessee litigation reached a settlement agreement, in principal. The settlement agreement was not finalized. The parties were unable to agree to the final terms of the settlement, and negotiations have broken down.

### III.

### RELIEF REQUESTED

17. By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), jointly administering the Chapter 11 Cases for procedural purposes only.  Schedules, Statements, and Proofs of Claim will be filed in each individual case.

18. In addition, the Debtors request that the Court make separate docket entries on the docket for each of the Chapter 11 Cases (except that of 21st Century Communities, Inc.) substantially as follows:

> An order has been entered in this case consolidating this case with the case of 21st Century Communities, Inc., Case No. BK-S-23-12047 for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. BK-S-23-12047 should be consulted for all matters affecting this case.

19. For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

-5-

IV.

**BASIS FOR RELIEF**

20. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.

21. FCT-MM, LLC and FCT-SM, LLC are affiliates of 21st Century Communities, Inc. as defined under §101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). 21st Century Communities, Inc. owns 100% of the membership interest in FCT-MM, LLC and FCT-SM, LLC. 21st Century is the proposed lead debtor. Joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

22. An order of joint administration relates to the routine administration of a case and "is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates." *In re Las Torres Development, L.L.C.*, 413 B.R. 687, 693 (Bankr. S.D. Tex. 2009) (quoting *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998)). *See also* Advisory Committee Note to Rule 1015 (1983).

23. Joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that almost all of the notices, applications, motions, other pleadings, hearings, and orders in these cases will relate to all of the Debtors.

-6-

24. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to file the papers in one case rather than in multiple case.

25. In addition, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court.

26. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process.

27. By jointly administering the Debtors' cases, the rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right, through a more efficient method of administration.

## V.

### NOTICE

28. Notice of this Motion shall be given to (a) the Office of the United States Trustee; (b) the holders of the 20 largest unsecured claims against the Debtors in each of their bankruptcy cases; and (c) the Internal Revenue Service.  The Debtors submit that no other or further notice need be provided.

-7-

## VI.

### NO PRIOR REQUEST

29. No previous request for the relief sought herein has been made to this Court of any other court. 21st Century Communities, Inc. filed a previous Chapter 11 in August, 2022, Case No. 22-13005-NMC, which was dismissed on November 28, 2022. However, no request for the relief sought herein was made in that case, and the affiliated entities have not previously filed Chapter 11 petitions.

## VII.

### CONCLUSION

Based on the above, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit 1**, granting the relief sought herein and granting other and further relief as may be just and proper.

DATED this 24th day of May, 2023.

JOHNSON & GUBLER, P.C.

*/s/ Matthew L. Johnson*
Matthew L. Johnson (6004)
8831 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (702) 471-0065
Fax: (702) 471-0075
mjohnson@mjohnsonlaw.com
*Attorney for Debtors*

-8-

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of JOHNSON & GUBLER, P.C. and that on the 25th day of May, 2023, I caused to be served a true and correct copy of the **DEBTOR'S AMENDED EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES UNDER BANKRUPTCY RULE 1015(b)** in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ Annabelle Nudo
An employee of JOHNSON & GUBLER, P.C.

-9-

# EXHIBIT 1

-10-