**Exhibit "2"**

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone No. (702) 471-0065
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com
*Proposed Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No.: BK-S-23-12049-MKN |
|---|---|
| | Chapter 11 |
| FCT-SM, LLC, | |
| Debtor. | Date:  June 28, 2023<br>Time: 9:30 AM |

**VERIFIED STATEMENT/DECLARATION OF PROFESSIONAL
IN SUPPORT OF APPLICATION TO EMPLOY ATTORNEYS**

MATTHEW L. JOHNSON, states under penalty of perjury as follows:

1. I am an attorney and counselor at law, admitted to practice in the court of the State of Nevada and in the above-captioned Court.

2. I am an attorney in the law firm of JOHNSON & GUBLER, P.C., which maintains an office for the practice of law at 8831 West Sahara Avenue, Las Vegas, Nevada 89117.

3. Neither I nor any of the partners or employees of JOHNSON & GUBLER, P.C. are relatives of the United States Bankruptcy Judges serving in the United States Bankruptcy Court for the District of Nevada, which Judges are making appointments or approving employment of professional persons in the above-captioned Court, as the term "relative" is defined in 11 U.S.C. Section 101(39).  Bankruptcy Rule 5002(a). Furthermore, to the best of my knowledge, neither I nor

1

any member of my firm is related to any employee of the Office of the United States Trustee in the District of Nevada or elsewhere. (Bankruptcy rule 2014(a); Guidelines Section 2.1.4).

4. JOHNSON & GUBLER, P.C. and the members thereof have no connection with the United States Trustee, any employee of the Office of the United States Trustee, the Debtor, creditors or any other party in interest, or their respective attorneys and accountants, and represents no interest that is adverse to the Debtor, or to the Estate, in matters upon which it will be engaged as counsel, except as otherwise disclosed in the Application. To the best of my knowledge and belief, 21st Century Communities, Inc. owns 100% of the membership interest in FCT-MM, LLC, and FCT-SM, LLC, and has the controlling interest in those entities. To the best of my knowledge and belief, 21st Century Communities, Inc. is the managing member of both FCT-MM, LLC and FCT-SM, LLC, and Barry Cohen, as President of 21st Century Communities, Inc. has authority to manage the entities and sign on their behalf. Barry Cohen has signed, on behalf of each of the entities, a

5. To the best knowledge of Affiant, the law firm of JOHNSON & GUBLER, P.C., does not hold or represent an interest adverse to the above-captioned estate, and the law firm of JOHNSON & GUBLER, P.C., is a "disinterested person/entity" within the meaning of the United States Bankruptcy Code. 11 U.S.C. Section 327 (a); "Guidelines" Section 2.1.4.

6. The law firm of JOHNSON & GUBLER, P.C. has not provided pre-petition services to the Debtor except as otherwise set forth in this Declaration.

4. The law firm of JOHNSON & GUBLER, P.C. received a retainer of $75,000.00, plus an additional 5,214.00 for filing fees for each of the three (3) cases, for a total amount received of $82,214.00. Of that amount, Johnson & Gubler, P.C. was paid pre-petition the following amounts: (1) $10,422.50 for attorney's fees incurred for the preparation of the petitions and schedules, drafts of the employment applications and related documents, draft motion to consolidate, motion for use of cash collateral, negotiations with creditors in an attempt to work out these obligations to avoid the need to file a bankruptcy petition, meetings with the Debtors' representative, preparation of a Corporate

Resolution, and other matters performed up to the time of filing; (2) $15.00 for an incoming wire fee; and (3) $5,214.00, which is the amount of the filing fees for each of the three (3) cases ($1,738.00 x 3 = $5,214.00). The balance of the retainer (totaling $66,562.50) received remains in trust and will be applied toward future billings. The retainer was paid by 21st Century Communities, Inc.

7. The source of such compensation is from the Debtor. 11 U.S.C. Section 329(a); "Guidelines" Section 2.1.4.

8. To the best knowledge of Affiant, the law firm of JOHNSON & GUBLER, P.C., has no connections with the Debtor, creditors or any other party in interest, or their respective attorneys and accountants, with any bankruptcy judges, or any employee of the Office of the United States Trustee with respect to the scope of services to be rendered by JOHNSON & GUBLER, P.C. for services rendered or to be rendered in any capacity whatsoever in connection with the above-captioned case, and no agreement or understanding exists between the law firm of JOHNSON & GUBLER, P.C. and any other person or entity for the sharing of compensation to be received for services rendered in connection with the above-captioned case, nor shall the law firm of JOHNSON & GUBLER, P.C. agree to share in the compensation of any other person rendering services in connection with the above captioned case. Bankruptcy Rule 2016(a); "Guidelines" Section 2.1.4.

9. 21st Century Communities, Inc. has filed a Corporate Resolution in each of the bankruptcy cases related to this matter, authorizing the bankruptcy filings and authorizing the Debtors to employ the law firm of Johnson & Gubler, P.C. to act as the Debtors' counsel. [See ECF 5].

DATED: May 24, 2023.

                                           /s/ Matthew L. Johnson
                                           MATTHEW L. JOHNSON